IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Beary Landscaping, Inc., | ) |
| Plaintiff, | ) |
| | ) Case No. 1:22-cv-4222 |
| v. | ) |
| Hartman Landscape, Inc. | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## Complaint

Plaintiff Beary Landscaping, Inc. ("Beary" or "Plaintiff"), by its attorneys, for its Complaint against Defendant Hartman Landscape, Inc. ("Hartman" or "Defendant"), alleges as follows:

### Introduction

1. This action stems from Defendant's violations of the Lanham Act based on its use of a confusingly similar trademark. Since at least as early as 2005, Beary has used its BEARY trademark to promote its services. Despite Beary's prior rights, Defendant recently started using a similar mark for similar services. To protect its rights in the BEARY mark, Beary brings this action.

### Parties

2. Beary is an Illinois corporation with its principal place of business located in Lockport, Illinois.

3. Defendant is an Illinois corporation with its principal place of business located in Peotone, Illinois.

1

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), because this case arises under the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

5. This Court has personal jurisdiction over Defendant because it has its principal place of business located in this judicial district. Defendant also routinely transacts, advertises, and solicits business in this judicial district. Moreover, Defendant engages in tortious conduct (trademark infringement and unfair competition) that damaged, and continues to damage, Beary, in this judicial district.

6. Venue is proper because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims alleged occurred in this district, 28 U.S.C. § 1391(b)(2), and Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(b)(3).

**Factual Background**

7. Established in 1985, Beary offers industry-leading service to an expansive roster of clients that include multi-family living communities to retail centers to Fortune 100 corporations and government agencies. Beary is recognized as a leader in the industry with numerous awards of excellence.

8. Since at least as early as 2005, Beary has continuously used its BEARY Logo as a trademark for its services, including landscape gardening, landscape gardening design, and landscape lighting design.

9. In addition to its strong common law rights, Beary owns a trademark registration for its BEARY Logo, which was assigned Reg. No. 6294312. Attached as Exhibit A (registration

2

certificate). This registration constitutes prima facie evidence of Beary's exclusive right to use the mark and provides constructive notice of its rights in the marks. *See* 15 U.S.C. § 1115.

10. Beary also has strong common law rights in the  B Logo, which has been in use since at least as early as 2021.

11. Each of the marks mentioned here is distinctive, serving to distinguish the goods and services of Beary from the goods and services emanating from other third parties.

12. In addition to marketing on its website (www.bearylandscaping.com) and social media, Beary promotes and advertises its marks in several ways, including, but not limited to, the following: on company vehicles, at project sites, and at industry conferences.

13. As a result of Beary's extensive use, promotion, and advertising of the marks over many years, Beary's BEARY Logo and B logo marks, including the tree design, represent extremely valuable goodwill owned by Beary throughout the United States. Beary's trademarks are distinctive and have become associated in the public mind with Beary's goods and services.

**Defendant's Infringing Activity**

14. Defendant provides similar landscaping services.

15. Since at least as early as 2008 until February 2020, Defendant used the

 Hartman Landscape logo (the "Former Logo"). [1]

---

[1] *See* https://web.archive.org/web/20081204152109/https:/www.hartmanlandscape.net/ (December 4, 2008 archive showing use of Former Logo); https://web.archive.org/web/20191220173354/http:/www.hartmanlandscape.net/ (December 20, 2019 archive showing use of Former Logo).

3

16. However, on information and belief, Defendant changed its company logo on or sometime after February 2020, from the Former Logo to the  logo ("Infringing Logo").

17. Defendant uses the Infringing Logo to promote its competing services in several ways, including on its website, brochures, email newsletters, and company apparel.

18. Defendant's Infringing Logo and Beary's marks are similar. The dominant element of each mark is the tree design, which creates the greatest commercial impression. The tree design in the Infringing Logo is nearly identical to the tree design in Beary's marks. As a result, the marks are confusingly similar notwithstanding peripheral differences.

19. Despite notice of Beary's rights, Defendant continues to use the Infringing Logo.

**Count I**
**Trademark Infringement (15 U.S.C. § 1114)**

20. Beary repeats and incorporates by reference all other paragraphs as if fully set forth here.

21. Beary is the owner of the federally registered BEARY Logo trademark, Reg. No. 6294312.

22. Beary's registered trademark is distinctive and has become associated in the public mind with Beary's goods and services.

23. Defendant's use, and continued use, in commerce of the Infringing Logo constitutes a reproduction, counterfeit, copy, or colorable imitation of Beary's registered trademark in connection with the sale, offering for sale, distribution, or advertising of its goods or services, which use is likely to cause confusion, or to cause mistake, or to deceive.

4

24. Defendant's use of the Infringing Logo was and is without Beary's consent, approval, or authorization.

25. Defendant's use of the Infringing Logo began long after Beary first used the BEARY Logo trademark.

26. Defendant has constructive knowledge of Beary's rights. On information and belief, Defendant knows, and has long known, about Beary's rights in the trademark and are willfully and intentionally infringing by using a confusingly similar mark.

27. Beary has no adequate remedy at law; Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Beary's goodwill and reputation as symbolized by its trademarks.

28. Beary has sustained and continues to sustain injuries and damages that have been directly and proximately caused by Defendant's infringing conduct.

29. As alleged here, Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114.

30. Beary is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action pursuant to 15 U.S.C. §§ 1114, 1116, and 1117, together with prejudgment and post-judgment interest.

## Count II
## Unfair Competition (15 U.S.C. § 1125(a))

31. Beary repeats and incorporates by reference all other paragraphs as if fully set forth here.

32. Defendant's unauthorized and unlawful use of confusingly similar mark constitutes a false designation of origin which is likely to cause confusion, mistake, or deception as to the

5

origin of Defendant's goods or services, and as to Defendant's affiliation, connection, or association with Beary, or as to the sponsorship or approval of the Defendant's goods or services by Beary.

33. Defendant's use of a confusingly similar mark is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Defendant's goods and services are affiliated with, related to, or connected with Beary or has the sponsorship, endorsement, or approval of Beary, when Defendant does not.

34. Defendant had and has constructive knowledge of Beary's rights. On information and belief, Defendant knows, and has long known, about Beary's rights in the trademark and are willfully and intentionally infringing Beary's rights by using a confusingly similar mark.

35. Beary has no adequate remedy at law; Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Beary's rights in and to its trademarks.

36. Beary has sustained and continues to sustain injuries and damages that have been directly and proximately caused by Defendant's infringing conduct.

37. As alleged here, Defendant's conduct constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

38. Beary is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action pursuant to 15 U.S.C. §§ 1116, 1117, and 1125, together with prejudgment and post-judgment interest.

**Prayer for Relief**

Wherefore, Plaintiff respectfully requests that this Court enter a Judgment and Order in its favor and against Defendant as follows:

A. That Defendant has violated Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

B. Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   i. manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote Defendant's goods and services bearing the Infringing Logo or any other mark that is confusingly similar to Beary's trademarks;

   ii. engaging in any activity that infringes Beary's trademarks;

   iii. engaging in any activity that constitutes unfair competition with Beary.

C. Requiring Defendant to destroy all materials in their possession, custody, or control, or in the possession, custody or control of any of its agents or representatives, embodying or displaying the Infringing Logo or any confusingly similar variations of the Infringing Logo, including but not limited to signage, labels, catalogs, advertisements, pictures, promotional materials, Internet domain names, social media handles, and the like.

D. Requiring Defendant to pay Beary compensatory damages in an amount as yet undetermined caused by its unlawful acts alleged herein, and trebling such damages in accordance with 17 U.S.C. §1117, and any other applicable law.

E. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

F.  Declaring that this is an exceptional case and awarding Beary its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

G.  Awarding Beary pre-judgment and post-judgment interest.

H.  Awarding Beary such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Under Fed. R. Civ. P 38, Beary requests trial by jury.

Dated: August 11, 2022

Respectfully submitted,

/s/ *Charles G. Giger*
Charles G. Giger
CULHANE MEADOWS PLLC
13101 Preston Road, Ste. 110-1520
Dallas, Texas 75240
cgiger@cm.law

*Attorneys for Plaintiff,*
*Beary Landscaping, Inc.*